## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**BETHANI WHITE,**

       **Plaintiff,**

**V.**                                                    **Case No. 1:15cv728**

**ALLSTATE PROPERTY AND CASAULTY**
**INSURANCE COMPANY**

       **Defendant**

### NOTICE OF REMOVAL

Defendant Allstate Property and Casualty Insurance Company ("Allstate"), hereby gives notice of the removal to this Court pursuant to 28 U.S.C. §§ 1441, and 1446, of the above-captioned action, formerly pending in the Second Judicial District Court, County of Bernalillo, State of New Mexico, as No. D-202-CV-2015-05476. Allstate files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. Allstate bases this removal on the following grounds:

**I.**       **THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT.**

On June 30, 2015, Plaintiff Bethani White filed her "Complaint for Personal Injury Damages" in New Mexico State Court, naming Allstate as defendant. A copy of the Complaint is attached to this Notice as Exhibit 1.

On July 21, 2015, CT Corporation System accepted service on behalf of Allstate. *See* Exhibit 2 attached hereto. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within thirty (30) days of the date of service. No responsive pleadings to the Complaint have been filed in the state court action.

Allstate files this Notice of Removal with this Court, and is filing a copy of the Notice of Removal in the Second Judicial District Court of the State of New Mexico and serving a copy upon counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d).

## II.     BASIS FOR JURISDICTION UNDER 28 U.S.C. §§ 1332(a) AND 1441.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Allstate, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.  This action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A.     The Citizenship of the Parties Is Completely Diverse.

According to the allegations of the Complaint, Plaintiff, Bethani White is a resident of Albuquerque, Bernalillo County and therefore a citizen of New Mexico.  Complaint ¶ 1.

Allstate Property and Casualty Insurance Company is an Illinois Corporation with its principal place of business in Illinois.  Complaint ¶ 2.  Allstate is thus a citizen of the state of Connecticut for diversity purposes.  *See* 28 U.S.C. § 1332 (c)(1).  Therefore, the controversy between the Plaintiff and Allstate is between citizens of different states.

### B.     The Amount in Controversy Exceeds $75,000.

Additionally, the amount in controversy exceeds the sum or value of $75,000 required to confer jurisdiction on this Court pursuant to 28 U.S.C. § 1332(a).  In the Complaint, Plaintiff claims that she was involved in an automobile accident on July 3, 2008 and had "massive medical bills associated with Plaintiff's treatment".  Plaintiff alleges that Allstate offered policy limits and the settlement was Court approved.  *Id.* at ¶ 7.  Thereafter, the New Mexico Supreme Court decided *Jordan v. Allstate,* 2010-NMSC-051, which invalidated certain uninsured motorist rejections.  Following the Jordan decision, Allstate sent Plaintiff's counsel a letter explaining that there was an additional $175,000 in uninsured motorist coverage under the applicable policies. *See* November 15, 2010 Letter from Susan Cary attached as Exhibit 3.  Prior to the filing of this litigation, Plaintiff's counsel demanded the additional uninsured motorist policy limits which were $175,000 as set forth in Exhibit 3.  *See* Letters dated January 26, 2011 and March 9, 2011 from Douglas Azar attached as Exhibit 4.  Plaintiff never communicated any willingness to settle for an amount less than what is required to confer jurisdiction under 28 U.S.C. § 1332(a). Plaintiff Complaint alleges that she is entitled to "additional monies from Defendant due to the

massive medical bills related to Plaintiff's injuries." Complaint at ¶ 8. Plaintiff's Complaint seeks unspecified compensatory damages, punitive damages, costs of this action, prejudgment interest and other relief as provided by law. *See Id* at WHEREFORE clause.

While Plaintiff's Complaint does not state the dollar amount in controversy on the face of her Complaint, the amount that she has placed in controversy plainly exceeds $75,000. Although allegations in the Complaint may be sufficient to establish the amount in controversy for diversity-jurisdiction purposes, district courts are not confined to the Complaint and may rely on other evidence as well. *See McPhail v. Deere & Company*, 529 F.3d 947, 956 (10th Cir. 2008).

The Court in *McPhail* explained that the defendant has the initial burden to establish, by a preponderance of the evidence, "jurisdictional facts that ma[k]e it possible that $75,000 [i]s in play." *Id.* at 955. If the defendant makes such a showing, then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Id.* (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)). "If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.*

In this case, Plaintiff's Complaint states only that she seek damages for her "massive medical bills associated with her treatment" as well as other unspecified compensatory and punitive damages and other relief as provided by law. Although Plaintiff's Complaint is silent regarding the amount she seeks for these "massive medical bills" and other damages her attorney demanded the remaining $175,000 in policy limits based upon the reforming of the coverage due to the *Jordan* decision. That demand is sufficient to support the removal. *McPhail,* 529 F.3d 947, 956 (10th Cir. 2008 (indicating that "documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal"); *see also, Babasa v. Lenscrafters, Inc.,* 498 F.3d 972, 975 (9th Cir. 2007) (letter from opposing counsel identifying amount in controversy was notice of removal eligibility). Thus, Plaintiff seeks to "put in play" an amount well in excess of $75,000. Accordingly, Allstate has satisfied the jurisdictional amount threshold.

WHEREFORE, Defendant Allstate requests that this Court assume full jurisdiction over this case as provided by law.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Jennifer A. Noya*
Jennifer A. Noya
Post Office Box 2168
Bank of America Centre, Suite 1000
500 Fourth Street, N.W.
Albuquerque, New Mexico  87103-2168
Telephone: (505) 848-1800

*Attorneys for Defendant Allstate.*

WE HEREBY CERTIFY that on this 19th day of August 2015, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

Douglas A. Azar
2527 Wyoming NE, Suite B
Albuquerque, NM 87112
*Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Jennifer A. Noya*
Jennifer A. Noya

*Y:\dox\client\11355\0336\GENERAL\W2514225.DOCX*

4